IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

OTTO VON VOLKMANN IV,

        Plaintiff,

      v.

MINOT STATE UNIVERSITY,

        Defendant.

Case No. 3:26-cv-00979-AB

OPINION & ORDER

**BAGGIO, District Judge:**

Plaintiff Otto von Volkman IV brings this case against Defendant Minot State University. Plaintiff asserts at least two claims for relief: (1) violation of statutory civil rights under 20 U.S.C. § 1087tt, and (2) civil RICO under 18 U.S.C. § 1962. Compl. 6–7, ECF No. 1.[1] Plaintiff

---

[1] Plaintiff also appears to assert claims under the Fourteenth Amendment, the Age Discrimination Act of 1975, and Title VI of the Civil Rights Act of 1964. *See* Compl. 6.

1 – OPINION & ORDER

moves for a temporary restraining order ("TRO"). Pl.'s Mot. TRO, ECF No. 3. For the following reasons, the Court denies Plaintiff's Motion for Temporary Restraining Order.

## BACKGROUND

Plaintiff is an applicant for admission to Defendant's Master of Education degree program. Compl. 4. Plaintiff alleges, however, that Defendant "has refused accommodation regarding a single document remaining for his complete application for admission[,]" specifically "the temporary unavailability of one out of three letters of recommendation . . . ." *Id.* at 5. As a result, Plaintiff alleges that Defendant "violates the doctrine of substantial compliance and the common-law maxim of *de minimis non curat lex*, as [Plaintiff's] minor clerical variance constitutes an entirely harmless error in the admissions process." *Id.*; *see also id.* at 5–6 ("Stalling a major acceptance decision over a single, non-material technicality when the core elements of academic eligibility have been overwhelmingly satisfied represents an arbitrary and capricious departure from rational evaluation and a clear abuse of administrative discretion."). Plaintiff further alleges that Defendant's conduct "is not an ordinary procedural defect but rather the direct result of probable racketeering in collusion with Central Washington University to unlawfully obstruct [Plaintiff's] timely admission." *Id.* at 6.

Plaintiff, separately, alleges that Defendant "has indicated that it will be resistant to Cost of Attendance adjustments . . . ." *Id.* at 5. Plaintiff resides in King County, Washington where his average monthly housing costs are $2,202 per month. *Id.* In contrast, Defendant's standard housing allowance is $435 per month. Pl.'s Mot. TRO 2. Plaintiff alleges that Defendant's "application of an Oracle PeopleSoft Campus Solution . . . software program . . . uses only a $435 per month housing allowance." Compl. 5.

2 – OPINION & ORDER

In light of these allegations, Plaintiff claims that Defendant is violating 20 U.S.C. § 1087tt through its improper denials for cost of attendance adjustments, Plaintiff's Fourteenth Amendment protections, the Age Discrimination Act of 1975, and Title VI of the Civil Rights Act of 1964. *Id.* at 6. Plaintiff also alleges that Defendant has participated in a racketeering enterprise, "specifically wire fraud and extortion, resulting in financial and reputational injury to [Plaintiff]." *Id.*

Plaintiff also moves for a TRO. Pl.'s Mot. TRO. Specifically, Plaintiff seeks an order directing Defendant to deliver to Plaintiff an admissions decision, directing Defendant to deliver to Plaintiff compliant financial aid offers, enjoining Defendant from enforcing the final reference-letter deadline, ordering that Plaintiff be allowed to participate in courses until a revised, court-approved financial aid offer is produced, directing Defendant to cease all measures "intended to delay or deny educational opportunity," and directing Defendant "to cease any attempt to deny federally approved Direct Graduate PLUS loan funding . . . ." *Id.* at 5–6.

## STANDARDS

Federal Rule of Civil Procedure 65 authorizes courts to issue TROs. Fed. R. Civ. P. 65(b). The purpose of a TRO is to preserve the status quo before a preliminary injunction hearing is held. *W. Watersheds Project v. Bernhardt*, 391 F. Supp. 3d 1002, 1008–09 (D. Or. 2019). The legal standards applicable to TROs and preliminary injunctions are "substantially identical . . . ." *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). The standard for a preliminary injunction is a high one: it "may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). "The basis of injunctive relief in the federal courts is irreparable harm and inadequacy of legal remedies." *L.A. Mem'l Coliseum Comm'n v. Nat'l Football League*, 634

3 – OPINION & ORDER

F.2d 1197, 1202 (9th Cir. 1980). To obtain a preliminary injunction, the plaintiff must show that: (1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) an injunction is in the public interest. *Winter*, 555 U.S. at 20.

## DISCUSSION

Plaintiff moves for a TRO "to prevent irreparable harm arising from [Defendant's] bad-faith administrative failure to issue an administrative decision in lieu of a minor administrative documentary extension." Pl.'s Mot. TRO 1. Plaintiff's Motion, however, is procedurally improper. Accordingly, the Court denies Plaintiff's Motion for TRO.

Under Rule 65(b)(1), "[t]he court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney *only if* . . . the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B) (emphasis added). Here, Plaintiff does not identify in writing any efforts to give Defendant notice nor provide an explanation of why notice should not be required. For this reason alone, the Court finds Plaintiff's Motion for TRO procedurally improper. *See, e.g.*, *Kock v. Lakeview Loan Servicing, LLC*, No. 3:25-cv-00992-IM, 2025 WL 1836127, at *2 (D. Or. July 3, 2025) (denying the plaintiff's motion for TRO because, among other things, the plaintiff did "not identify any efforts to give notice to [the defendants] or provide an explanation of why notice should not be required"); *EraNova Glob. v. Taylor*, No. 3:25-cv-00051-AN, 2025 WL 253351, at *3 (D. Or. Jan. 21, 2025) (denying the plaintiffs' motion for temporary restraining order because the plaintiffs did not show "efforts made to give notice and the reasons that notice should not be required"); *Universal Servs. of Am., LP v. Agner*, No. 3:23-cv-01655-AN, 2023 WL 8069651, at *2 (D. Or. Nov. 21, 2023) (same as *EraNova Global*); *Lewis Resorts, LLC v.*

4 – OPINION & ORDER

*Oregon*, No. 1:20-cv-02232-CL, 2020 WL 7654868, at *2 (D. Or. Dec. 23, 2020) (denying the plaintiff's motion for temporary restraining order because the motion did not "explain or certify in writing [what] steps plaintiff [had] taken to notify defendants of the Motion, provide reasons why such notice should not be required, or demonstrate that providing notice [was] impossible or fruitless").

## CONCLUSION

The Court DENIES Plaintiff's Motion for Temporary Restraining Order [3].

IT IS SO ORDERED.

DATED this __19th__ day of May, 2026.

_____
AMY M. BAGGIO
United States District Judge

5 – OPINION & ORDER